UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY DEROME PETTIES, ESQ.,

Plaintiff,

-against-

KISHA SMALLS, Warden; D. RIVIEZZO, Judge,

Defendants.

20-CV-4350 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently detained in the North Infirmary Command on Rikers Island, brings this *pro se* action alleging that Defendants violated his federal constitutional rights. By order dated June 22, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).[2] But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

---

[2] Plaintiff listed himself in the caption of the complaint as "Timothy Derome Petties, Esq.", but at no other point in the complaint does he indicate that he is an attorney. If Plaintiff is an attorney, he is not entitled to special solicitude usually granted to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.")

**BACKGROUND**

Plaintiff asserts his claims using the Court's general complaint form, to which he appends various other documents including "Personal Injury Claim" forms directed to the New York City Comptroller, "Inmate Voluntary Statement" forms, grievance forms, and a state-court petition for a writ of *habeas corpus*. In the section of the complaint form used to indicate the legal basis of his claim, Plaintiff checks "violation of my federal constitutional rights." He also checks the "other" box, and writes, "Neglect, injury, unsound conditions of confinement." (ECF No. 1, at 2.)

In the "Facts" section of the complaint form, Plaintiff references the personal injury claim forms, inmate statements, and grievance forms that he attaches to the complaint, as well as "motions to the courts that have gone unanswered in violation of due process, appropriate court procedure and legal time margins." (*Id.* at 4.) Plaintiff states that these attached documents describe his "physical abuse and neglect in the hands of the facility as a pre-trial detainee, as well as the mishandling and untimely proceedings of [his] legal matters." (*Id.*) Plaintiff also alleges that he was assaulted by two inmates and that he contracted chlamydia from the jail food server. (*Id.*) These last two incidents, however, "are not recorded on the adjoined documents but are in the facility medical records." (*Id.*)

The following allegations are taken from the forms attached to the complaint: On March 22, 2020, while Plaintiff was locked in his cell, another inmate approached the living space with "a large tote box full of fecal waste and urine." (*Id.* at 12.) The inmate used a drinking cup to throw the "entire contents of waste" on Plaintiff, including on his clothes, bare skin, and cell area. (*Id.*) Plaintiff alerted the officer on duty, Officer Richardson, who in turn alerted the captain on duty, Captain Terry. The other inmate was removed, and "[a]fter a substantial period of time," Plaintiff was allowed to shower. (*Id.* at 13.) Facility staff cleaned Plaintiff's cell, but he maintains it was not sanitized, and he was left to finish cleaning it without the "correct biohazard items."

(*Id.*) When the other inmate returned, Plaintiff expressed his fear to Officer Richardson that the inmate would again assault him, but Richardson "ensured [Plaintiff} that would not take place in his presence." (*Id.*) The inmate nevertheless approached Plaintiff's living space with Richardson present and the inmate "strip[p]ed naked from the waist down and began to throw fecal covered items that were removed from [his] cell" back at him. (*Id.* at 14.) After witnessing the inmate throw these items at Plaintiff, Richardson left the area. The unsupervised inmate then "began to throw fresh feces again." (*Id.*)

In a "Personal Injury Claim Form," Plaintiff states,

> I've yet to be re-tested for COVID-19, which is present in the Rikers Island Facility. I'm awaiting an HIV test, yet the threat and the same circumstances remain and nothing has been done to further secure my area or remove the inmate whom [sic] continues to threaten to throw more feces upon me.

(*Id.* at 8.)

Plaintiff also includes in his filing a handwritten "affidavit" stating that he no longer wants the Department of Correction ("DOC") medical staff to treat his condition of Hemophilia Type A "or to be consulted [a]bout his condition of porphyria or the latter." (*Id.* at 19.) He states that while one of his conditions is being "treated on a surface level (Factor 8 infusion therapy)," his additional underlying conditions "are not being comprehensively monitored or considered." (*Id.*) Plaintiff further states in his "affidavit" that DOC is not conducting specialized tests, even though his conditions "can only be treated and monitored by 'specialized tests' that go beyond D.O.C. capacity." (*Id.*) He is to be treated "only by outside agencies with full capacity" and that deal specifically with his medical issues, which are "rare, genetic, and numerous." (*Id.* at 19, 21) Absent such treatment, Plaintiff is at risk of severe long-term health issues including renal failure, paralysis, coma, and blindness. (*Id.* at 19-20.)

Plaintiff attaches, without explanation, a copy of a February 20, 2020 notice of motion to dismiss the indictments in his Kings County criminal case on the grounds that he was denied the opportunity to testify at the grand jury. (*Id.* at 22.) He also attaches a state petition for a writ of *habeas corpus*, which is dated April 9, 2020. (*Id.* at 26-33.)

On June 25, 2020, the Court received a letter from Plaintiff styled as an "addendum," which included medical documents and a state petition for a writ of *habeas corpus* that was dated June 10, 2020.[3] (ECF No. 5.) Plaintiff included a cover letter stating, "Please find attached medical documents to support claims in original filing, recent writ of habeas corpus, and original filing, for purpose of reference."[4] (*Id.* at 1.)

Plaintiff seeks money damages, including the $1,000.00 per week he would have earned if he was not incarcerated, and $1,000,000 "for the mental anguish of continued abuse, neglect, faulty proceedings and the destruction of a sustainable livel[i]hood as well as the threat of death and healthy complications during my confinement." (ECF No. 1, at 5.)

**DISCUSSION**

Because Plaintiff asserts that Defendants violated his federal constitutional rights, the Court construes Plaintiff's allegations as asserting claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or

[3] The Clerk of Court opened Plaintiff's letter submission as a new civil action and assigned it a new case number. *See Petties v. Smalls*, ECF 1:20-CV-4976, 1 (S.D.N.Y. filed June 25, 2020). The Clerk of Court also docketed Plaintiff's submission in this action. (ECF No. 5.) Chief Judge McMahon determined that the new action was opened in error, and by order dated July 9, 2020, she directed the Clerk of Court to administratively close the duplicate action. ECF 1:20-CV-4976, 2.

[4] Records of the New York State Unified Court System show that on June 8, 2020, the Supreme Court, Kings County, "adjourned" Plaintiff's petition for a writ of *habeas corpus*, and on June 9, 2020, the trial court denied his *habeas* petition.

laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A. Claims Against Kisha Smalls**

To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[5]

Plaintiff does not allege any facts showing how Defendant Kisha Smalls was personally involved in the events underlying his claims. The Court therefore dismisses Plaintiff's claims against Smalls for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

**B. Claims Against Judge Riviezzo**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff does not allege facts suggesting that Judge Riviezzo took any actions outside her judicial capacity so as to fall outside of the scope of judicial immunity.[6] The Court therefore dismisses Plaintiff's § 1983 claims against Judge Riviezzo. 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[6] Plaintiff indeed fails to allege any facts at all indicating that Judge Riviezzo was personally involved in any alleged violation of his rights

**C. Failure to Protect**

Prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting them from harm caused by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997). A pretrial detainee asserting a failure-to-protect claim under the Due Process Clause must plead two elements: (1) an "objective" element, which requires a showing that the risk of harm is sufficiently serious, and (2) a "mental" element, which requires a showing that the officer knew or should have known of the risk of serious harm but acted with deliberate indifference to that risk. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff alleges that another inmate repeatedly assaulted him by throwing feces, urine, and other waste at him. Plaintiff states that these assaults continued even after he informed correction officers of the risk of harm. But Plaintiff does not name as a defendant any individual who was personally involved in violating his rights. *See Spavone*, 719 F.3d at 135 (holding that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation). Plaintiff states that Officer Richardson knew he was at risk of being assaulted and failed to protect him, but he does not name Richardson as a defendant. The Court grants Plaintiff leave to submit an amended complaint naming as defendants the individual officers who alleges failed to protect him. If Plaintiff intends to assert claims against Richardson or any other correction officer, he must name them as defendants in the amended complaint, and re-plead his allegations against them.

## D. Inadequate Medical Care

The Court further construes Plaintiff's complaint as asserting claims that he was denied adequate medical care. To plead a Fourteenth Amendment claim for deliberate indifference to a serious medical need, a pretrial detainee must allege that: (1) he had a "serious medical need," *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000), and (2) the defendant either "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety," *Darnell*, 849 F.3d at 35 (relying on *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).[7]

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d 698, 703 (2d Cir. 1998). Furthermore, the law is clear that a "mere disagreement over the proper treatment" is not actionable, *Chance*, 143 F.3d at 703; *see, e.g.*, *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (holding that prescribing Motrin rather than stronger pain medication to treat broken wrist, with no concomitant allegation of "a culpable state of mind," falls short of claim for deliberate indifference); *Reyes v. Gardener*, 93 F. App' x 283, 284 (2d Cir. 2004) (holding that alternative medical plan incorporating weaker pain medication to treat inmate was "mere disagreement over the proper treatment") (internal quotation marks omitted); *Rush v. Fischer*, No. 09-CV-9918, 2011 WL 6747392, at *3 (S.D.N.Y.

[7] For pretrial detainees, the standard articulated in *Darnell* applies to *all* types of deliberate indifference claims, including claims for deliberate indifference to serious medical needs. *Darnell*, 849 F.3d at 33 n.9 ("[D]eliberate indifference means the same thing for each type of claim under the Fourteenth Amendment."); *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) (overruling *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010), which had held that a subjective test applied to a pretrial detainee's due process claims for deliberate indifference to serious medical needs).

Dec. 23, 2011) ("The decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs.").

Here, Plaintiff alleges facts sufficient to suggest that he has a serious medical need. Specifically, Plaintiff alleges that he has hemophilia and other related ailments that pose a serious health risk. (*See* ECF No. 1, at 19-20.) But Plaintiff does not allege any facts showing that any individual or official at DOC knew or should have known of his medical need and was deliberately indifferent to that need. Plaintiff therefore fails to state a claim for deliberate indifference to a serious medical need. In any amended complaint, Plaintiff should name as a defendant any individual who he alleges was deliberately indifferent to his medical needs and allege facts suggesting that each defendant was aware or should have been aware of his medical need and failed to provide him with medical care.

**E. *Younger* Abstention**

Plaintiff asserts that his motions in the state courts "have gone unanswered in violation of due process, appropriate court procedure, and legal time margins." (ECF No. 1, at 4.) To the extent that Plaintiff is asking the Court to intervene in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses any claims for injunctive relief.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[8] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[9] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

---

[8] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[9] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. **Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's claims against Kisha Smalls. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims against Judge Riviezzo. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

To the extent that Plaintiff is asking the Court to intervene in his pending state-court criminal proceeding, the Court dismisses those claims. *Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4350 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated: July 20, 2020
New York, New York

Louis L. Stanton
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________________
_______________________________________________
_______________________________________________

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

**-against-**

_______________________________________________
_______________________________________________
_______________________________________________
_______________________________________________
_______________________________________________
_______________________________________________
_______________________________________________
_______________________________________________

Jury Trial: □ Yes □ No
(check one)

**___ Civ. _________ ( )**

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's
Name______________________________________________________________
ID#_______________________________________________________________
Current Institution_________________________________________________
Address___________________________________________________________
__________________________________________________________________

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name ___________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address __________________________________________________________
__________________________________________________________________

Defendant No. 2 Name _______________________________________________ Shield #_________
Where Currently Employed ____________________________________________
Address ______________________________________________________________
______________________________________________________________________

Defendant No. 3 Name _______________________________________________ Shield #_________
Where Currently Employed ____________________________________________
Address ______________________________________________________________
______________________________________________________________________

**Who did what?**

Defendant No. 4 Name _______________________________________________ Shield #_________
Where Currently Employed ____________________________________________
Address ______________________________________________________________
______________________________________________________________________

Defendant No. 5 Name _______________________________________________ Shield #_________
Where Currently Employed ____________________________________________
Address ______________________________________________________________
______________________________________________________________________

**II. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?

______________________________________________________________________
______________________________________________________________________

B. Where in the institution did the events giving rise to your claim(s) occur?

______________________________________________________________________

C. What date and approximate time did the events giving rise to your claim(s) occur?

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

D. Facts:_______________________________________________________________

**What happened to you?**

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

Was anyone else involved?

Who else saw what happened?

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_______________________________________________________________________________

_______________________________________________________________________________

_______________________________________________________________________________

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ____ Do Not Know ____

If YES, which claim(s)?
_________________________________________________________________________

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_________________________________________________________________________

1. Which claim(s) in this complaint did you grieve?
_________________________________________________________________________

_________________________________________________________________________

2. What was the result, if any?
_________________________________________________________________________

_________________________________________________________________________

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
_________________________________________________________________________
_________________________________________________________________________
_________________________________________________________________________
_________________________________________________________________________

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:
___________________________________________________________________
___________________________________________________________________
___________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V. Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). ___________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

_______________________________________________________________________

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

**VI. Previous lawsuits:**

**On these claims**

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ______________________________________________
Defendants ______________________________________________

2. Court (if federal court, name the district; if state court, name the county) ________________
______________________________________________________________________

_______3. Docket or Index number ______________________________________

_______4. Name of Judge assigned to your case______________________________

5. Approximate date of filing lawsuit ______________________________

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition______________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ________________________________
______________________________________________________________________
______________________________________________________________________

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____ No ____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ______________________________________________
Defendants ______________________________________________

2. Court (if federal court, name the district; if state court, name the county) ___________
______________________________________________________________________

_______3. Docket or Index number ______________________________________

_______4. Name of Judge assigned to your case______________________________

5. Approximate date of filing lawsuit ______________________________

6. Is the case still pending? Yes ____ No ____

   If NO, give the approximate date of disposition_________________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ______________________________
   _________________________________________________________________________
   _________________________________________________________________________

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _______________, 20___.

Signature of Plaintiff ______________________________________

Inmate Number ______________________________________

Institution Address ______________________________________

______________________________________

______________________________________

______________________________________

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: ______________________________________