UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  \_10/2/2020\_\_\_\_

TIMOTHY DEROME PETTIES, ESQ.,

                    Plaintiff,

-against-

JUDGE D. RIVIEZZO; C.O. RICHARDSON,

                    Defendants.

20-CV-4350 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

      Plaintiff, currently held in the North Infirmary Command on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendants violated his federal civil rights.[1] By order dated June 22, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] By order dated July 21, 2020, Judge Louis L. Stanton directed Plaintiff to file an amended complaint, which Plaintiff did on August 20, 2020. The amended complaint (ECF No. 7) is currently the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.[3]

## DISCUSSION

**A.     Claims against Judge Riviezzo**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

---

[3] Plaintiff listed himself in the caption of the original complaint as "Timothy Derome Petties, Esq." and as "Timothy Derome Petties (eSQUIRE LVX)" in the caption of the amended complaint. At no other point in the pleadings does he indicate that he is an attorney. If Plaintiff is an attorney, he is not entitled to special solicitude usually granted to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.")

injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff does not allege any facts suggesting that Judge Riviezzo took any actions outside her judicial capacity so as to fall outside the scope of judicial immunity.[4] The Court therefore dismisses Plaintiff's § 1983 claims against Judge Riviezzo. 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.**   ***Habeas*** **relief**

Plaintiff may not obtain release from custody in a § 1983 action; instead he can only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). Under § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570,

---

[4] Plaintiff indeed fails to allege any facts at all indicating that Judge Riviezzo was personally involved in any alleged violation of his rights.

575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking § 2241 *habeas corpus* relief, however, a state pretrial detainee must first exhaust his available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq*. Because Plaintiff does not show that he exhausted his available state-court remedies before filing his § 2241 petition in this Court, the Court denies without prejudice any application for relief under § 2241.

**C.   Service on Correction Officer Richardson**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Correction Officer Richardson waive service of summons.

**D.   Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of the

date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[5]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant Correction Officer Richardson waive service of summons.

The Court dismisses Plaintiff's claims against Judge Riviezzo. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court denies without prejudice any application for *habeas corpus* relief under 28 U.S.C. § 2241.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 2, 2020
        New York, New York

*[signature]*

ANDREW L. CARTER, JR.
United States District Judge

---

[5] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.