UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __10/30/2020__

TIMOTHY DEROME PETTIES, ESQ.,

                Plaintiff,

-against-

JUDGE D. RIVIEZZO; C.O. RICHARDSON,

                Defendants.

20-CV-4350 (ALC)

VALENTIN ORDER

ANDREW L. CARTER, JR., United States District Judge:

    Plaintiff, currently detained in the North Infirmary Command on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendants violated his federal constitutional rights.[1] By order dated June 22, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

    On October 2, 2020, the Court requested that Correction Officer Richardson waive service of summons. On October 28, 2020, the Court received a notice that the request for waiver of service was returned unexecuted because "Richardson" is a common name.

    Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the New York Department of Correction ("DOC") to identify the full name and badge number of Correction Officer Richardson, who Plaintiff alleges was on duty at housing area D3 in the North Infirmary Command on Rikers Island on the

---

[1] By order dated July 21, 2020, Judge Louis L. Stanton directed Plaintiff to file an amended complaint, which Plaintiff filed on August 20, 2020. The amended complaint (ECF No. 7) is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even, when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

morning of March 22, 2020, and allowed Plaintiff to be assaulted by another inmate. The Court therefore orders that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the full name and badge number of Correction Officer Richardson and the address where the defendant may be served.[3] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order. Once Correction Officer Richardson's full name and badge number are identified, the Court will issue an order asking Correction Officer Richardson to waive service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further directed to mail a copy of this order and the amended complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

SO ORDERED.

Dated:
   New York, New York
   Dated: October 30, 2020

_____
ANDREW L. CARTER, JR.
United States District Judge

---

[3] If Correction Officer Richardson is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Correction Officer Richardson is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.