UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __2/8/2021__

TIMOTHY DEROME PETTIES, ESQ.,

       Plaintiff,

  -against-

CO RICHARDSON,

       Defendant.

20-CV-4350 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

  Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendants violated his federal constitutional rights. By order dated June 22, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP"). On October 2, 2020, the Court requested that Correction Officer Richardson waive service of summons. On October 28, 2020, the Court received a notice that the request for waiver of service was returned unexecuted because "Richardson" is a common name. Thereafter, the Court issued a Valentin Order directing the New York City Law Department to provide information on the identity of Correction Officer Richardson. After an extension of time to do so, the City identified Correction Officer Richardson, but indicated that the City was not authorized to accept service on his behalf. The City has however provided an address where service may be effected.

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Correction Officer Jason Richardson through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Accordingly, the Clerk of Court is instructed to issue a summons, complete the USM-285 form with the address for Correction Officer Jason Richardson, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is also respectfully directed to mail this Order to Plaintiff Petties.

SO ORDERED.

3

Dated:  February 8, 2021
        New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

New York City/Parks Dept.
100 Church Street, 4th Floor
New York, New York 10007